## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

RYAN EDWARD NAGLE,                          Case No. 24-cv-2156 (LMP/TNL)

               Plaintiff,

v.                                                                    **ORDER**

STEVEN RICHARD LITTLE and
S.R.L. LAW, P.L.L.C.,

               Defendants.

---

On April 14, 2025, this Court ordered Plaintiff Ryan Edward Nagle ("Nagle") to show cause why Defendants' motion for summary judgment should not be taken under advisement due to Nagle's failure to timely oppose Defendants' motion. *See* ECF No. 44. That same day, Nagle filed a letter explaining that it was his "understanding that Plaintiff has until 14 days before the hearing on the motion for summary judgment to file a response under Rule 6(c)(1)." ECF No. 46 at 1. Because no hearing date has been set, Nagle was under the impression that he did not yet need to respond to Defendants' motion. *See id.* Later that day, Nagle filed what appears to be both an opposition to Defendants' motion for summary judgment and Nagle's own motion for summary judgment. ECF No. 47.

Construing Nagle's recent filing as an opposition to Defendants' summary-judgment motion, Nagle's opposition is untimely. Federal Rule of Civil Procedure 6(c)(1) provides as a general rule that "[a] written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing." But there is a difference between a motion and a *response* to a motion. Here, Defendants—not Nagle—are the parties bringing

the motion, so Rule 6(c)(1) is inapplicable.[1]  Nagle also overlooks that "Local Rule 7.1 governs the timing of civil motion practice within the District of Minnesota."  *Lindell v. United States*, No. 22-cv-2290 (ECT/ECW), 2022 WL 5250138, at *3 (D. Minn. Oct. 6, 2022).  Local Rule 7.1(c)(2) provides that a party opposing a dispositive motion must file his opposition brief "[w]ithin 21 days after filing of a dispositive motion and its supporting documents."  This is true regardless of whether a hearing has been scheduled.  Defendants filed their summary-judgment motion on March 20, 2025.  Twenty-one days after March 20, 2025, is April 10, 2025.  Nagle's opposition is therefore late.

Construing Nagle's recent filing as his own motion for summary judgment, Nagle did not receive permission to file that motion.  This Court does not accept motions for summary judgment prior to the close of discovery unless advance permission is sought from the Court.  *See* Practice Pointers and Preferences of Judge Laura M. Provinzino, at 1.[2]  Only Defendants sought advance permission from the Court to file an early summary-judgment motion, ECF No. 34, and the Court granted permission to Defendants *only*, *see* ECF No. 36 ("*Defendants* may file their motion for summary judgment at any time but no later than 7/15/2025.") (emphasis added).  Nagle neither sought nor received permission to file a summary-judgment motion before the close of discovery on May 15, 2025.  Had he

---

[1]    Nagle may also be thinking of a state court rule, as Minnesota General Rule of Practice 115.03(b) provides that a party responding to a dispositive motion must file his opposition "at least 14 days before the hearing."  But the Minnesota General Rules of Practice apply in *state* court, not *federal* court.

[2]    The Court's Practice Pointers are available at https://www.mnd.uscourts.gov/sites/mnd/files/LMP.pdf.

done so, that request would have been granted, as it was for Defendants.

Although the Court is within its discretion to strike Nagle's untimely opposition and unauthorized motion, the Court will not do so. Although Nagle's counsel should take this as an opportunity to better familiarize himself with this District's Local Rules and this Court's Practice Pointers, the Court will not deprive Nagle of a thorough adjudication of his case on the merits. Indeed, the Court benefits from a full adversarial process. The Court will therefore construe Nagle's recent filings as both a timely opposition to Defendants' motion and Nagle's own motion for summary judgment.

## ORDER

Accordingly, based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1.    Nagle is granted leave to file his opposition out of time.

2.    Nagle is granted permission to file a summary-judgment motion before the close of discovery.

3.    Defendants may file an opposition to Nagle's recent motion for summary judgment (ECF Nos. 47–53) no later than May 5, 2025. *See* L.R. 7.1(c)(2). This opposition will also serve as Defendants' reply in support of their own motion for summary judgment.

4.    Nagle may file a reply brief to Defendants' opposition no later than May 19, 2025. *See* L.R. 7.1(c)(3).

5.    Chambers will contact the parties to schedule a hearing on the motions.

Dated: April 15, 2025                *s/Laura M. Provinzino*
                                              Laura M. Provinzino
                                              United States District Judge

3